IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE MEEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| ANGEL WATER, INC., | ) | Judge: |
| | ) | |
| Defendant. | ) | |

## COMPLAINT
### (TRIAL BY JURY DEMANDED)

NOW COMES the Plaintiff, KYLE MEEK, (hereinafter "KYLE"), by and through his attorneys, Mirabella, Kincaid, Frederick & Mirabella, LLC, for his Complaint against the Defendant, ANGEL WATER, INC., and states as follows:

### NATURE OF THE CASE

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.*, ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et. seq.*, ("IMWL"), for unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees, costs, and such other relief as deemed just and equitable. Plaintiff seeks recovery for his claims in excess of $50,000.00.

### JURISDICTION & VENUE

2. As this action arises under the FLSA, this Court has original jurisdiction to hear this Complaint and to adjudicate the claims asserted herein pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court also has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367 because such claim forms part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391 because Defendant does business in this District and a majority of the events and occurrences giving rise to Plaintiff's claims occurred in this District.

## PARTIES

5. Plaintiff, KYLE, is an individual residing in Westmont, DuPage County, Illinois, and is a former employee of ANGEL WATER, INC.

6. Defendant, ANGEL WATER, INC., (hereinafter "ANGEL WATER"), is an Illinois corporation doing business at 28214 West Northwest Hwy., Barrington, Lake County, Illinois 60010.

## COMMON ALLEGATIONS

7. KYLE began his employment with ANGEL WATER on or about August 7, 2015, and resigned on October 12, 2018.

8. KYLE was initially hired on a part-time basis as a Marketer.

9. ANGEL WATER changed KYLE's job title to Service Technician in June, 2017, and required KYLE to work in excess of 40 hours per week.

10. At all times relevant, KYLE reported to Chris Hanson, Service Department Manager.

11. As a Service Technician, KYLE's primary job duty was to visit both residential and commercial properties to perform equipment maintenance services on ANGEL WATER's water filtration products and to prepare work order reports.

12. During the timeframe in which KYLE was a Service Technician, ANGEL WATER compensated him on a "salary plus commission" basis, paying him $25,000.00 annually, or at the rate of $12.00 per hour.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
*(29 U.S.C. § 201, et. seq.)*

1-12. KYLE incorporates Paragraphs 1 through 12 of the Common Allegations as Paragraphs 1 through 12 of Count I, as if fully set forth herein verbatim.

13. At all times during the course of his employment, KYLE was a non-exempt "employee" of ANGEL WATER, as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

14. ANGEL WATER is an "employer" as that term is defined under the FLSA. 29 U.S.C. § 203(d).

15. ANGEL WATER has an overtime policy at Section 4.6 of its Employee Manual, which provides that "[employees] are expected to put in the amount of time over 40 hours per week necessary to complete [their] job duties and occasionally, in rare circumstances, substantial extra work may be required."

16. The FLSA requires employers to pay non-exempt employees, like KYLE, no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207.

17. KYLE routinely and regularly worked approximately 20 to 24 hours in excess of 40 hours per week.

18. Despite knowledge that KYLE regularly worked in excess of between 20 to 24 overtime hours in excess of 40 per week, ANGEL WATER routinely reduced KYLE's hours and failed to properly compensate him for his overtime hours worked.

19. When KYLE became a Service Technician in June, 2017, ANGEL WATER changed KYLE's employment status to "salary/exempt" and paid him an annual salary of $25,000.00.

20. KYLE, at no time, met any of the criteria to qualify as an "exempt" employee under the FLSA and ANGEL WATER willfully misclassified KYLE to avoid paying him overtime compensation.

21. ANGEL WATER has not properly compensated KYLE for all of his overtime hours worked.

22. ANGEL WATER, at all times, knew that KYLE worked overtime without proper compensation, and it willfully failed and refused to pay KYLE at the required overtime rates.

23. ANGEL WATER did not and has not made a good-faith effort to comply with the FLSA as it relates to properly compensating KYLE for his overtime hours worked.

24. As a direct and proximate result of these unlawful practices, KYLE has suffered and continues to suffer lost wages; and is therefore, entitled to recover unpaid overtime compensation for up to three years prior to the filing of his claims. KYLE is also entitled to liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

WHEREFORE, Plaintiff, KYLE MEEK, respectfully requests under Count I, the following relief against Defendant, ANGEL WATER, INC.:

A. That this Court find that ANGEL WATER has violated the FLSA by failing to pay KYLE his earned overtime compensation in the amount of $27,456.00;

B. That this Court find that ANGEL WATER's conduct was willful;

C. That this Court award KYLE his actual damages;

D. That this Court award KYLE an amount equal to KYLE's actual damages as liquidated damages;

E. That this Court award all costs and attorneys' fees incurred in prosecuting this claim;

F. That this Court award any and all pre- and post-judgment interest; and

G. That this Court award all such further relief as deemed just and equitable.

## COUNT II – VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### *(820 ILCS 105/1, et. seq.)*

1-24. KYLE incorporates Paragraphs 1 through 24 of Count I as Paragraphs 1 through 24 of Count II, as if fully set forth herein verbatim.

25. KYLE was an "employee" of ANGEL WATER as that term is defined by the IMWL. 820 ILCS 105/3(d).

26. ANGEL WATER is an "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

27. KYLE has not been paid overtime wages for all hours worked in excess of 40 in each week, at the rate of one- and one-half times his regular rate in violation of the IMWL. 820 ILCS 105/4(a).

28. It is, and has been, the practice and policy of ANGEL WATER to purposefully and willfully suffer and permit KYLE to work and perform integral and indispensable activities that directly benefit ANGEL WATER in operation of its business without compensating KYLE for his overtime wages for all overtime hours worked.

29. It is, and has been, the practice and policy of ANGEL WATER to purposefully and willfully round off substantial amounts of time worked and willingly edit KYLE's time reports for

the purpose of withholding payment of overtime pay for those hours worked in excess of 40 hours in each week.

30. ANGEL WATER's actions are willful and ANGEL WATER has always been aware that KYLE is required by law to be paid overtime.

31. As a direct and proximate result of these unlawful practices, KYLE has suffered and continues to suffer lost wages; and is therefore, entitled to recover unpaid overtime compensation for up to three years prior to the filing of his claims. KYLE is also entitled to statutory penalties, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

WHEREFORE, the Plaintiff, KYLE MEEK, respectfully prays that this Court grant judgment in his favor on his Count II claim and order relief against the Defendant, ANGEL WATER, INC., as follows:

- A. That this Court find that ANGEL WATER has violated the IMWL by failing to pay KYLE his earned overtime compensation in the amount of $27,456.00;
- B. That this Court find that ANGEL WATER's conduct was willful;
- C. That this Court award KYLE his actual damages;
- D. That this Court award KYLE all statutory penalties pursuant to 820 ILCS 105/12;
- E. That this Court award all costs and attorneys' fees incurred in prosecuting this claim;
- F. That this Court award any and all pre- and post-judgment interest; and
- G. That this Court award all such further relief as deemed just and equitable.

          Respectfully Submitted,

       By:  _____
           JOLIANNE S. ALEXANDER (f/k/a Walters)
           One of Plaintiff's Attorneys

Jolianne S. Alexander (f/k/a Walters)
Mirabella, Kincaid, Frederick & Mirabella, LLC
Attorney No. 6314222
Attorney for KYLE MEEK
1737 S. Naperville Road, Suite 100
Wheaton, Illinois 60189
(630) 665-7300
(630) 665-7609
jolianne@mkfmlaw.com

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in the foregoing instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
KYLE MEEK

## ATTORNEY CERTIFICATION

I certify, as attorney of record in this cause, that I have read the above, and that to the best of my knowledge, information, and belief, formed after reasonable inquiry of my client, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

By: _____
JOLIANNE S. ALEXANDER
One of Plaintiff's Attorneys